UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH SIMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-0380 (ESH) |
| ) | |
| JOSEPH E. BESHOURI, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION**

In this civil action filed *pro se* by a District of Columbia Jail inmate, plaintiff sues his appointed defense counsel for their representation of him during criminal proceedings in this Court. *See USA v. Gray*, Crim. Action No. 00-00157- RCL - 12. He seeks $10 million from each defendant. Upon initial review of the complaint, the Court finds that it lacks subject matter jurisdiction and therefore must dismiss the complaint pursuant to Fed. R. Civ. P. 12(h)(3).

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. In an apparent attempt to present a federal question, plaintiff invokes the Federal Tort Claims Act ("FTCA"), and 42 U.S.C. §§ 1983, 1985. The FTCA is exclusively for claims seeking monetary damages against the United States. *See* 28 U.S.C. §§ 2671 *et seq*. The civil rights statutes are reserved for claims against individuals who are alleged to have violated constitutional rights while acting under governmental authority.

The defendants are neither employees of the United States nor state actors. *See Polk County v. Dodson,* 454 U.S. 312, 325 (1981) ("a public defender [or appointed counsel] does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Plaintiff asserts generally that defendants conspired with the prosecutor and judge "to deny me my federal and Constitutional rights." Complaint at 1-2. The supporting facts, however, question only the effectiveness of counsels' representation and therefore provide no basis for a conspiracy claim. Plaintiff's conspiracy claim is nothing more than a challenge to his conviction, which he may pursue only by motion to the sentencing court pursuant to 28 U.S.C. § 2255.

The complaint against the named defendants does not present a federal question. Moreover, the complaint does not reveal a basis for diversity jurisdiction because all of the parties are located in Washington, D.C, and therefore are not of diverse citizenship.[1] The Court therefore must dismiss the case. A separate Order accompanies this Memorandum Opinion.

s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: March 23, 2006

---

[1] Plaintiff's recourse lies, if at all, in a lawsuit filed in the Superior Court of the District of Columbia under District of Columbia law .